UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 4, 2019

LETTER TO COUNSEL

      RE:   *Midshore Riverkeeper Conservancy, Inc. v. James Franzoni, et al.*;
                 Civil No. SAG-17-3769

Dear Counsel:

      This case has been recently transferred to my docket. I have reviewed Plaintiff's Motion For Leave to File Second Amended Complaint ("the Motion"), ECF 40, the Opposition filed by defendants Michael Schaefer, New Pintail Point, LLC, and The Point At Pintail, LLC ("the Schaefer Defendants"), ECF 44, and Plaintiff's Reply, ECF 45.[1] For the reasons set forth herein, Plaintiff's Motion will be GRANTED, and Plaintiff's Second Amended Complaint will be filed.

      Plaintiff filed its Amended Complaint in this matter on December 21, 2017, ECF 3, and the Schaefer Defendants responded by filing a Motion to Dismiss, ECF 14. On October 25, 2018, Judge Russell granted the Motion to Dismiss, ruling that the Court lacked subject matter jurisdiction, because Plaintiff had not adequately alleged organizational standing to sue. ECF 26. Judge Russell therefore dismissed the Amended Complaint without prejudice. *Id.* In a subsequent opinion adjudicating a motion for reconsideration of an order granting attorneys' fees, Judge Russell clarified his intent to permit further amendment:

> Dismissing a case without prejudice is not a final order when a plaintiff can cure the defect in her case by amending the complaint. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.,* 807 F.3d 619, 623 (4th Cir. 2015) (quoting *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1066-67 (4th Cir. 1993); *see*

---

[1] Plaintiff filed the Motion seeking (1) to reopen the case and, (2) to file the Second Amended Complaint. ECF 40. Judge Russell reopened the case pursuant to a letter order of June 28, 2019, but deferred ruling on the Second Amended Complaint pending full briefing. ECF 43. The only portion of ECF 40 still pending, then, is the Motion for Leave to File the Second Amended Complaint. Additionally, I note that although I am referring to the Defendants who have opposed the Motion as "the Schaefer Defendants" for ease of reference, I acknowledge the pending litigation in state court between Defendant Franzoni and Defendant Schaefer, contesting control of the corporate entities. *See* ECF 44 at 1 n.1. The use of the term "the Schaefer Defendants" simply acknowledges that not all of the Defendants joined in the Opposition, but does not express any opinion as to who has control over either LLC. If appropriate, the Defendants will be permitted to file an updated motion to stay the federal proceedings pending resolution of the state court matter.

> *also Stinnie v. Holcomb*, 734 F. App'x 858, 861 (4th Cir. 2018). The Court dismissed Riverkeepers' Amended Complaint because Riverkeepers failed to adequately allege organizational standing. (Oct. 25, 2018 Mem. at 3-4). Riverkeepers may cure this jurisdictional deficiency by including the names of individual members of their organization who were harmed by Defendant's actions. *See id.* Because Riverkeepers can remedy the defect identified in their Amended Complaint, the Court's dismissal of the case without prejudice was not a final order.

ECF 43 at 3. Because Judge Russell expressly permitted amendment, did not specify a deadline by which such amendment had to occur, and declared that his dismissal "was not a final order," *id.*, the Schaefer Defendants' argument that Plaintiff somehow failed to seek to vacate a "final dismissal order," ECF 44 at 4-5, is unavailing.

The Schaefer Defendants concede that "[t]he rules governing amendments to pleadings are generous, and interpreted broadly." *Id.* at 6. Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give leave when justice so requires." *Id.* The Fourth Circuit has liberally construed this standard, such that leave to amend should be denied only if "prejudice, bad faith, or futility" is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509-10 (4th Cir. 1986) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012).

Here, Defendants will suffer no prejudice if the amendment is permitted. Plaintiff is not seeking to amend its claims in bad faith, but only in response to Judge Russell's dismissal of the Amended Complaint without prejudice. Yet Defendants argue that amendment should be denied as futile, because Plaintiff failed to comply with the mandatory notice provisions of the Clean Water Act ("CWA") and the Resource Conservation and Recovery Act ("RCRA"). ECF 44 at 7-11. "Leave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson,* 785 F.2d at 510 (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.1980), *cert. dismissed*, 448 U.S. 911 (1980); *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 644 F.2d 690, 695 (8th Cir. 1981)). Defendants' arguments regarding the adequacy of Plaintiff's notice goes beyond the scope of the limited review appropriate to determine a proposed amendment's futility. Defendants' contentions will be best addressed, if raised, in the context of a motion to dismiss the Second Amended Complaint.

For the reasons set forth above, Plaintiff's Motion for Leave to File a Second Amended Complaint, ECF 40, is GRANTED. Despite the informal nature of this letter, it should be flagged as an Opinion and docketed as an Order.

                                              Sincerely yours,

                                                   /s/

                                            Stephanie A. Gallagher
                                            United States District Judge